Argued and submitted July 17, affirmed October 29, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CHRISTOPHER JAY BURRESON,
*Defendant-Appellant.*

Multnomah County Circuit Court
040749191; A127789

196 P3d 66

Kara K. Davis argued the cause for appellant. On the brief was Michael Breiling.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). He assigns as error the trial court's denial of his motion to suppress evidence of his refusal to take a breath test. Defendant moved to suppress the evidence on the bases that he was not under arrest for DUII when asked to submit to the test and that, at the time he was arrested for DUII, the arresting officer lacked *subjective* probable cause to believe that defendant had, more likely than not, been driving under the influence of intoxicants. We affirm.

We dispense with the first issue summarily. Defendant was under arrest for DUII when he refused to take a breath test. Sergeant Chamberlain (the arresting officer) had informed defendant that he was being processed for DUII and told him, "You are under arrest for DUII." *See State v. Scott*, 111 Or App 308, 311-12, 826 P2d 71 (1992) (holding that the defendant could have reasonably inferred under the circumstances that he was under arrest for DUII even though the arresting officer never explicitly told him that he was).

■ We next consider whether defendant's arrest was supported by probable cause. Defendant does not challenge the trial court's conclusion that his arrest was supported by *objective* probable cause. We agree that, under the circumstances, there was enough information available to Chamberlain, at the time he arrested defendant for DUII, for him to have objectively and reasonably concluded that defendant was driving while under the influence of intoxicants. Turning to *subjective* probable cause, the Supreme Court's decision in *State v. Miller*, 345 Or 176, 188-89, 191 P3d 651 (2008), issued after this case was submitted to this court, clarified what is sufficient to satisfy the subjective component of the probable cause inquiry. The Supreme Court held that the subjective probable cause requirement is satisfied if the officer "reasonably believes" that his or her conduct is "legally justified" and the "officer act[s] on that belief in restraining a defendant's liberty." *Id.*

■ In this case, when Chamberlain told defendant, "You are under arrest for DUII" and asked if defendant would take

a breath test, Chamberlain believed that he was simply processing defendant for a lawful DUII arrest executed by Officer Knudson. Knudson had arrested defendant for driving while suspended, observed substantial evidence of intoxication, given Chamberlain a summary of his observations, and turned defendant over to Chamberlain. Chamberlain's testimony establishes that he believed that he was "legally justified" and that he "acted on that belief" when he restrained defendant's liberty by arresting him for DUII and asking him to take a breath test.

In sum, defendant's arrest for DUII was supported by both subjective and objective probable cause. The trial court did not err in denying the motion to suppress and admitting evidence that defendant refused to take a breath test.

Affirmed.